# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| XIAOYE BAI,<br><br>    Plaintiff(s),<br><br>v.<br><br>REUBART, et al.,<br><br>    Defendant(s). | Case No.: 2:19-cv-00739-GMN-NJK<br><br>**Order**<br><br>[Docket No. 59] |

Pending before the Court is Plaintiff's motion to hold the deadline to amend the pleadings. Docket No. 59.[1] The Court construes Plaintiff's motion as seeking an extension to the deadlines the scheduling order. As so construed, Defendants do not oppose the motion. Docket No. 60. The motion is properly decided without a hearing. *See* Local Rule 78-1.

A request to extend deadlines in the scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b)(4), Local Rule 26-3, which turns on whether those deadlines cannot reasonably be met despite the diligence of the party or parties seeking the extension, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[2] Here, the record shows that Plaintiff's discovery efforts require additional time. *See* Docket No. 60 at 3-4. Good cause exists for an extension.

For good cause shown, the motion is **GRANTED** and deadlines are **RESET** as follows:

- Amend pleadings/ add parties: June 11, 2021

---

[1] As Plaintiff is proceeding without an attorney, the Court construes his filings liberally. *E.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] Defendant's briefing does not address this standard and, instead, relies largely on cases addressing Rule 6. *See Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (addressing a motion to extend a briefing schedule pursuant to Rule 6). The Court will apply the Ninth Circuit's standards particular to a motion to modify the scheduling order.

1

- Discovery cutoff: July 12, 2021

- Discovery motions: July 25, 2021

- Dispositive motions: August 13, 2021

- Joint proposed pretrial order: September 14, 2021, or 30 days after resolution of dispositive motions

Although the Court is granting the motion as stated above, it wishes to clarify the law as to one of Plaintiff's contentions. Plaintiff is seeking relief based, in part, on the fact that his twice-denied request for appointment of counsel is now pending before the assigned district judge on an objection. *See* Docket No. 59 at 2; *see also* Docket No. 50 (objection); Docket No. 45 (denial of motion for reconsideration); Docket No. 26 (denial of motion to appoint counsel). It is axiomatic that the Court will not hold a case at a stand-still simply because an objection to a magistrate judge's order has been filed. *See, e.g.*, *Garity v. Donahoe*, 2014 WL 4402499, at *2 (D. Nev. Sept. 5, 2014) (collecting cases). To permit otherwise would grind the system to a halt. *See, e.g.*, *U.S. Commodity Futures Trading Com'n v. Banc De Binary, Ltd.*, 2015 WL 3454412, at *1 (D. Nev. June 1, 2015). No stay has been granted in this case.[3] Plaintiff must proceed with prosecuting his case without an attorney based on the rulings that have already been made.

IT IS SO ORDERED.

Dated: April 19, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The standards governing a stay pending resolution of an objection to a magistrate judge's non-dispositive matter are not easy to meet. *See, e.g.*, *Garity*, 2014 WL 4402499, at *1; *Oracle USC, Inc. v. Rimini Street, Inc.*, 2012 WL 6100306, *13 (D. Nev. Dec. 7, 2012) (denying request to stay magistrate judge's decision based, in part, on challenging standard to meet on underlying objection). A sufficient showing has not been made here that such a stay would be appropriate.