# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

XIAOYE BAI,

        Plaintiff,

vs.

REUBART, et al.,

        Defendants.

Case No.: 2:19-cv-00739-GMN-NJK

**ORDER**

    Pending before the Court is the Motion – Request for Replies to ECF No. 50 Objection, (ECF No. 54), filed by Plaintiff Xiaoye Bai ("Plaintiff").[1] Defendants did not file a response.

    Also pending before the Court is Plaintiff's Second Motion – Request for Replies to ECF No. 50 Objection, (ECF No. 58). Defendants did not file a response.

    Under Local Rule 1B 3-1, a "district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR 1B1-3, *when it has been shown the magistrate judge's order is clearly erroneous or contrary to law*." *See* D. Nev. Local Rule 1B 3-1(a) (emphasis added). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, Case No. 3:11-cv-793-RCJ-VPC, 2012 U.S. Dist. LEXIS 126550, 2012 WL 3884939, at *3 (D. Nev. 2012). When reviewing the order, however, the

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Here, Plaintiff fails to articulate how Magistrate Judge Nancy J. Koppe's Order Denying the Motion for Reconsideration is "clearly erroneous or contrary to law." *See* D. Nev. Local Rule 1B 3-1(a). Plaintiff broadly asserts that Judge Koppe denied his Motion for Reconsideration "without understanding or paying attention to the actual facts that he lacks legal education of the law" and otherwise faces a language barrier in conducting discovery. (*See* Mot. Request Replies at 3, ECF No. 54). Judge Koppe, however, addressed this exact argument in the Order Denying Appointment of Counsel, concluding that such barriers do not support appointment of counsel given Plaintiff's cogent and well-articulated motions. (*See* Order Denying Mot. Appointment Counsel 1:23–2:3, ECF No. 26). Having reviewed the record before Judge Koppe, along with the subsequent briefing of the parties, the Court finds that the Order Denying the Motion for Reconsideration, (ECF No. 45), was not clearly erroneous or contrary to the law.[2]

//
//
//
//
//
//
//

---

[2] Plaintiff does not provide any new arguments in his Second Motion – Request for Replies to ECF No. 50 Objection, (ECF No. 58).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion – Request for Replies to ECF No. 50 Objection, (ECF No. 54), and the Second Motion – Request for Replies to ECF No. 50 Objection, (ECF No. 58), are **DENIED**.

**DATED** this __7__ day of May, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court