UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

XIAOYE BAI,

    Plaintiff(s),

v.

REUBART, et al.,

    Defendant(s).

Case No.: 2:19-cv-00739-GMN-NJK

**ORDER**

[Docket No. 63]

Pending before the Court is Plaintiff's motion for reconsideration of the orders denying his request for appointment of counsel. Docket No. 63.[1] Defendants filed a response in opposition. Docket No. 65. Plaintiff filed a reply. Docket No. 66. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, the motion is hereby **DENIED**.

Motions for reconsideration are disfavored. Local Rule 59-1(b); *see also Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) ("Reconsideration is an extraordinary remedy, to be used sparingly" (citation and internal quotations omitted)). The Local Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a).

---

[1] Plaintiff's requests for appointment of counsel in this case have been denied three times. Docket Nos. 64 (denying objection to denial of motion for reconsideration), 45 (denying motion for reconsideration), 26 (denying motion for appointment of counsel). Hence, the Court construes the instant motion as an additional motion for reconsideration. The Court does note, however, that the instant motion is slightly more nuanced in that it seeks appointment of counsel solely to assist in discovery. Even were this request to be resolved as a stand-alone motion rather than a motion for reconsideration, the Court is nonetheless unpersuaded that appointment of counsel is appropriate based on the reasons articulated herein.

1

In this case, Plaintiff's motion for reconsideration is premised on his assertion that new circumstances justify relief. In particular, Plaintiff points to the fact that defense counsel has objected to certain discovery requests that Plaintiff propounded as grounds for appointment of counsel. *See* Docket No. 63 at 3; *see also id.* at 8 (letter from defense counsel refusing to provide discovery responses).[2] The Court is unpersuaded. As the Court has already explained, Plaintiff must establish exceptional circumstances for the relief requested. Docket No. 26 at 1 (citing *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)). While Plaintiff has a fair likelihood of succeeding on his claims, he has not shown that the complexities of the case prevent him from fairly articulating those claims. *See id.* at 2. The fact that defense counsel has objected to discovery requests and that Plaintiff is frustrated by the discovery process does not change this outcome. *Cf. Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (the need for a *pro se* litigant to conduct discovery does not create exceptional circumstances justifying appointment of counsel). As such, grounds do not exist to reconsider the previous denials of Plaintiff's request for appointment of counsel.

Accordingly, Plaintiff's motion for reconsideration is **DENIED**. Given that this is Plaintiff's fourth request for appointment of counsel, the Court again instructs that it is time for him to move past this issue and to "proceed with prosecuting his case without an attorney based on the rulings that have already been made." Docket No. 62 at 2.

IT IS SO ORDERED.

Dated: May 25, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court will not delve into the substance of the specific discovery objections because that dispute is not squarely presented. The Court notes, however, that perfection is not required in a *pro se* inmate's discovery requests for a meaningful response to be provided by defense counsel. *See, e.g.*, *Jones v. Zimmer*, 2014 WL 6772916, at *7 (D. Nev. Dec. 2, 2014) (citing *Manley v. Zimmer*, 2014 WL 1576857, at *12 (D. Nev. Apr. 17, 2014)). The Court trusts Plaintiff and defense counsel can work together in cooperation so that Plaintiff obtains meaningful discovery. *Cf. Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).