# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

XIAOYE BAI,

    Plaintiff(s),

v.

REUBART, et al.,

    Defendant(s).

Case No.: 2:19-cv-00739-GMN-NJK

**ORDER**

[Docket Nos. 61, 67]

On February 26, 2021, the Court struck a letter reflecting a request to meet-and-confer with opposing counsel that Plaintiff had filed on the docket. Docket No. 57; *see also* Docket No. 55 (letter). The Court stated that "Plaintiff is instructed moving forward to send correspondence related to meet-and-confer efforts directly to defense counsel and not to file such correspondence on the docket unless it is attached to a discovery motion seeking relief from the Court." Docket No. 57 at 1 (emphasis in original).

Despite those instructions, Plaintiff has continued to send to the Clerk's Office his "legal correspondence" with opposing counsel, including correspondence that he has labeled as "privileged." *See* Docket Nos. 61, 67. Plaintiff now indicates that he does not wish these letters to be "filed" on the docket and, instead, is asking the Court to take receipt of such documents in case they become pertinent to later motion practice. *See, e.g.*, Docket No. 67-1. This is not proper as the Court is not a receptacle for depositing rogue correspondence that may or may not ever have any bearing on the matters at issue in the case. The Court repeats that **CORRESPONDENCE TO DEFENSE COUNSEL MUST BE SENT DIRECTLY TO DEFENSE COUNSEL AND MUST NOT BE SENT TO THE COURT UNLESS IT IS ATTACHED TO A MOTION SEEKING RELIEF FROM THE COURT**.

1

In light of the above, the most recent letters from Plaintiff to opposing counsel (Docket Nos. 61, 67) are hereby **STRICKEN**.

IT IS SO ORDERED.

Dated: May 25, 2021

_____
Nancy J. Koppe
United States Magistrate Judge